UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 21-2308-JVS (KK) | | Date: | March 23, 2021 |
|---|---|---|---|---|

| Title: | *Brandon Leon Bibbs v. Los Angeles Sheriff Dept.* |
|---|---|

Present: The Honorable   KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Petitioner(s): | Attorney(s) Present for Respondent(s): |
|---|---|
| None Present | None Present |

Proceedings:   **Order to Show Cause Why This Action Should Not Be Dismissed for Failure to (1) Name a Proper Respondent and (2) State a Cognizable Habeas Claim**

**I.
INTRODUCTION**

On March 10, 2021, Petitioner Brandon Leon Bibbs ("Bibbs"), who appears to be a detainee at Men's Central Jail in Los Angeles, California, constructively filed[1] a pro se Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254 ("Section 2255"). ECF Docket No. ("Dkt.") 1. The Petition raises twelve claims, but does not appear to challenge any conviction. Id. As discussed below, the Court orders Bibbs to show cause why the Petition should not be dismissed for failure to (1) name a proper respondent and (2) state a cognizable habeas claim.

///
///
///
///
///
///
///

---

[1]      Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted).

## II.
## DISCUSSION

### A.     THE PETITION FAILS TO NAME A PROPER RESPONDENT

####     1.     Applicable Law

"[T]he proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" Rumsfeld v. Padilla, 542 U.S. 426, 434 (2004) (citations omitted). Thus, "the default rule is that the proper respondent is the warden of the facility where the prisoner is being held[.]" Id. at 435; see also Stanley v. Cal. Sup. Ct., 21 F.3d 359, 360 (9th Cir. 1994) (as amended May 18, 1994) (holding the proper respondent in a habeas action is "typically . . . the warden of the facility in which the petitioner is incarcerated"); Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam). The Ninth Circuit has held that the "[f]ailure to name the correct respondent destroys personal jurisdiction." Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) (as amended May 8, 1996).

####     2.     Analysis

Here, the Petition names the "Los Angeles Sheriff Department" as the Respondent. See dkt. 1. The Los Angeles County Sheriff's Department, however, is neither the person who has custody over Bibbs, nor the warden of the facility where Bibbs is being held. See Rumsfeld, 542 U.S. at 434-35. Accordingly, the Petition is subject to dismissal for failure to name a proper respondent. See Sykes v. Los Angeles Sheriff's Dep't, No. CV 13-07409-VBK, 2015 WL 1285285, at *6 (C.D. Cal. Mar. 19, 2015) (holding petitioner failed to name a proper respondent because "Los Angeles County Sheriff Department, et al." is not the individual state officer who has custody over petitioner).

### B.     THE PETITION FAILS TO STATE A COGNIZABLE CLAIM

####     1.     Applicable Law

Under Section 2254, "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in" an action filed pursuant to 42 U.S.C. § 1983 ("Section 1983"). Muhammad v. Close, 540 U.S. 749, 750 (2004) (citations omitted).

Section 2254(a) uses the term "in custody" twice, with two different requirements. Bailey v. Hill, 599 F.3d 976, 978 (9th Cir. 2010). The first usage (i.e., that the petition be filed "in behalf of a person in custody") requires that the petitioner is "under the conviction or sentence under attack at the time his petition is filed." Id. at 978-79, 983 n.6 (quoting Resendiz v. Kovensky, 416 F.3d 952, 956 (9th Cir. 2005)). The second usage (i.e., that the application may be entertained "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States") requires "a nexus between the petitioner's claim and the unlawful nature of the custody." Id. at 978-80. "[W]hen a prisoner's claim would not necessarily spell speedier release, that claim does not lie at

the core of habeas corpus and may be brought, if at all, under § 1983." <u>Skinner v. Switzer</u>, 562 U.S. 521, 535 n.13 (2011) (internal quotation marks and citations omitted); <u>see also</u> <u>Heck v. Humphrey</u>, 512 U.S. 477, 481-83 (1994).

**2.     Analysis**

Here, the Petition does not appear to challenge any conviction.  <u>See</u> dkt. 1.  Rather, the Petition raises twelve claims that challenge various aspects of the conditions of Bibbs' confinement, such as his access to the law library, exercise and recreation, courts and counsel, food, and showers.  <u>Id.</u> at 2.  The Petition, therefore, does not challenge the validity of Bibbs' confinement or particulars affecting its duration.  <u>See</u> <u>Muhammad</u>, 540 U.S. at 750.  The Petition, instead, seeks relief turning on circumstances of confinement that may be presented, if at all, in an action filed pursuant to Section 1983.[2]  <u>Id.</u>  Accordingly, the Petition is subject to dismissal for failure to state a cognizable habeas claim.

**III.**
**ORDER**

For the above reasons, the Petition appears subject to dismissal.  Bibbs is therefore ORDERED TO SHOW CAUSE why the Court should not dismiss the Petition for failure to (1) name a proper respondent and (2) state a cognizable claim.  Bibbs' response to this Order must be received **no later than April 13, 2021**.  Bibbs must respond to this Order by (1) filing a request to amend the Petition to name the person who has custody over Bibbs (e.g., warden of Men's Central Jail) **AND** (2) choosing one of the following options:

1.   Option One: Bibbs may file a written response explaining why Bibbs' claims are cognizable on habeas review.  If Bibbs contends his claims are cognizable on habeas review, Bibbs must explain and attach any supporting documents.

2.   Option Two: Bibbs may file a First Amended Petition curing the above referenced deficiencies.  The First Amended Petition shall be complete in itself.  It shall not refer in any manner to the original Petition.  In other words, Bibbs must start over when preparing the First Amended Petition.  If Bibbs chooses to file a First Amended Petition, he must clearly designate on the face of the document that it is the "First Amended Petition," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form.

---

[2]     When a prisoner's claim is not cognizable in habeas corpus, the Court may construe the petition as a civil rights complaint.  <u>See</u> <u>Wilwording v. Swenson</u>, 404 U.S. 249, 251 (1971), superseded by statute on other grounds as recognized in <u>Woodford v. Ngo</u>, 548 U.S. 81, 84 (2006).  Here, however, the Petition is not amenable to conversion on its face to a civil rights complaint.  Rather, converting Bibbs' claims to a civil rights action would impose burdensome constraints – such as a significantly higher filing fee, the means of collecting it, and restrictions on future filings – that could make conversion more disadvantageous to Bibbs than a dismissal of his habeas petition without prejudice to filing a civil rights complaint.  <u>See</u> <u>Nettles</u>, 830 F.3d at 936.  The Court, thus, declines to recharacterize Bibbs' Petition as a civil rights complaint.

3. Option Three: Bibbs may voluntarily dismiss this action without prejudice.  Bibbs may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). The Clerk of Court has attached a Notice of Dismissal form.  However, the Court warns any dismissed claims may be later subject to the statute of limitations, because "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  28 U.S.C. § 2244(d)(1).

**The Court expressly warns Bibbs that failure to timely file a response to this Order will result in the Court dismissing this action with prejudice for his failure to state a cognizable habeas claim and/or for his failure to comply with court orders and failure to prosecute.  See FED. R. CIV. P. 41(b).**

The Clerk of Court is directed to serve a copy of this Order and the Petition, dkt. 1, on Bibbs at his current address of record and provide Bibbs with a blank form Petition for his use in filing a First Amended Petition.

**IT IS SO ORDERED.**

PETITION FOR WRIT OF HABEAS CORPUS...(Jail Conditions)

BRANDON BIBBS; #4642823
In Pro Se
TERMINAL ANNEX
P.O. Box 86164
Los Angeles, CA 90086

FILED
CLERK, U.S. DISTRICT COURT

MAR 15 2021

CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

Related DDJ

# THE UNITED STATES DISTRICT COURT
## OF THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON LEON BIBBS, Petitioner, Vs. LOS ANGELES SHERIFF DEPT., Respondent. | No. 2:21cv2308-JVS-KK PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY (28 U.S.C. §2254) |

## JURISDICTION

On September 17, 2020, the petitioner sent a petition for writ of habeas corpus through the mail to the superior court of Los Angeles, but was never determined by any judge, within (1) days of the filing, and since the day of filing.

On December 23, 2020, the petitioner was denied a petition for a writ of habeas corpus in the Second Appellate district of the court of appeal of California that was filed on December 14, 2020 (Case No. B309347).

On February 17, 2020, the petitioner was denied a petition for a writ of habeas corpus in the supreme court of California that

Page 2 of 12      PETITION FOR WRIT OF HABEAS CORPUS...(Jail Conditions), cont'd

was filed or sent through the mail on January 5, 2021 (Case No. S266589).

       Each of these petitions previously mentioned raised the same following grounds of:

1) Staff deprived the petitioner Access to Courts & Counsel
2) Staff deprived the petitioner Access to Law Library
3) Staff deprived the petitioner Access to Exercise & Recreation
4) Staff deprived the petitioner Correspondance
5) Staff deprived the petitioner Visitation
6) Staff deprived the petitioner Access to Food
7) Staff deprived the petitioner Access to Grievances
8) Staff deprived the petitioner Access to Showers
9) Staff deprived the petitioner his Religious Observances
10) Staff deprived the petitioner Sanitary Living Conditions
11) Staff deprived the petitioner Psychotropic Medication
12) Staff deprived the petitioner Access to Manual as Public Information

## GROUNDS

• Ground 1) The petitioner was deprived access to courts and counsel in violation of my due process and equal protection of the law to effective assistance of counsel and prohibition of cruel and unusual punishment.

       Since April 22, 2016, the staff would prohibit the petitioner access to legal materials, even though the jail guidelines provide this access. Since August 2018,

PETITION FOR WRIT OF HABEAS CORPUS... (Jail Conditions), cont'd

the petitioner is in pro se and has trouble being able to access the law library computer kiosk machines that don't load, cursor the touchscreens properly, and applications are defective by not being installed properly to access Lexis Nexis program, causing a hinderance to my research and study. Staff only give an hour and 30 minutes to access this nonsense of a law library when the court rules only give a maximum of 2 hours with no minumum. Staff do not provide suitable alternatives for books and copies of legal documents in lieu or even to provide copies even without legal runner access. Most of the time staff do not let us out, on time as scheduled or at all for law library access, for no reason.

The petitioner has submitted grievances for these mentioned issues in the department.

· Ground 2) The petitioner was deprived Correspondance in violations of my due process and equal protection of the law to freedom of speech, and prohibition of cruel and unusual punishment.

Since April 22, 2016, the petitioner's mail that is sent out would never get any correspondance and some of my mail would be sent back for incompetent reasons that never violated jail rules or a notification for a return to sender (San Quentin Law Library; State Bar Complaint; Inspector General). No investigation was properly conducted and numerous legal mail has never been logged that I have sent out.

On March 26, 2019, I received a grievance disposition of an issue that I have sent out through a letter to the U.S. Post office on March 3, 2019, about my legal mail coming back as loose articles being found in their office. The articles consisted of a habeas corpus being sent to the Appellate court. Approximately a month later, I had my private investigator send another habeas corpus to the supreme court, instead of through the jail, and the same exact incident occurred. I never put in

PETITION FOR WRIT OF HABEAS CORPUS...(Jail Conditions)..cont'd

one grievance of the issue of loose articles, but somehow, the staff knew about this situation, and must have tampered with my legal mail. Around, October 18, 2019, I received two of my legal mail envelopes sent out as returned to sender, but came back open outside of my presence.

The petitioner submitted grievances for these mentioned issues in the department.

- Ground 3) The petitioner was wrongfully disciplined in violation of my due process and equal protection of law to prohibition of cruel and unusual punishment.

On March 28, 2017, the petitioner was disciplined for not exchanging my clothes, and when housed in isolation, I was not able to call my attorney and was on loss of privileges before being found guilty, to serve 10 days, before the discipline just started (3/28/17-4/10/17). Subsequently, the same issues involving this procedural misconduct happened on August 8 and November 17, of the year 2017.

On December 7, 2017, I woke up to my cell being flooded and no staff bothered to notify me or let me out. All of my property was drenched and I asked staff several times to let me out and was ignored for 5 hours on each security walk. I was able to call my relatives to notify the watch commander and a few minutes later, one of the staff walk down the tier and starts arguing with me, about "what's my problem." I told him to let me out the cell and finally after 10 minutes, the cell opens and one of the sargeant's tells me to get handcuffed upon walking down the tier and I complied. While walking in the hallway, one of the staff said I am charged with assaulting staff and other violations. I did not understand this and believed it was retaliation for the alleged misconduct by staff. I was forced to go to disciplinary isolation after pleading that my property was not

PETITION FOR WRIT OF HABEAS CORPUS... (Jail Conditions), cont'd

in my presence but is with my cellees property, and I wasn't going to leave anywhere without receiving it (the staff do not know what property is mine). A few days later, my property was found missing items.

On February 3, 2019, upon staff bringing me to disciplinary isolation, one of the staff members (Garcia) excessively searched my body and attempted to slide his thumb all the way in the back of my boxters and around my groin area, while being pinned against the wall by 3 deputies. I turned sideways to avoid this and was threatened by staff member (Garcia) that he was going to drop me, if I don't let this happen while the lights were turned off in the booth area (module 211, Twin Towers Facility).

On March 17, 2019, I was suffering from wrongful discipline by unknown staff never giving notice of charges, still being punished before and after a wrongful hearing. Upon the hearing, it was alleged that I threatened to kill one of the staff in the report. This officer made false statements by passing by my cell to insinuate I said that to him. I appealed this issue and was granted but still suffered 10 days of discipline.

On March 20, 2019, one of the staff members (Baldino) grabbed my arm and told me to get on the wall to search me because he said he was tired of me, after telling me to go to my cell when the gate was locked and was not able to. He handcuffed me to the hallway and searched my cell without it being in my presence while I have legal materials present in Pro Se (L.A. Superior Ct. Rule 8.18, obligates Pro Se inmates to be present to a search). I was never hostile and did not violate any jail rule, and was brought back to my cell. Upon walking to my cell, my papers were damaged and I noticed this deputy was stealing my erasers and pencils. I yelled to him to give back my property between the gate and he decides to pull out his taser on me (committing Robbery). When having a disciplinary hearing by the false statements from that same deputy of that day, the hearing officer told me that I had contraband sticking out of my cell, having nothing to do with my charges and never happened. I suffered

PETITION FOR WRIT OF HABEAS CORPUS...(Jail Conditions), cont'd

15 days of no privileges but my appeal was granted.

On April 8, 2019 I walked out my cell for a visit after the staff (Baldino) opened the gate then I was trapped by 4 deputies surrounding me in the hallway forcing me to get searched. One of the staff members (Beccera) performed a pat down search and willfully rubbed in between my legs two times, touching my penis the second time. I turned to the right to avoid this lewdness of act and was quickly pinned to the wall with about 8 deputies rushing me, insinuating that I was trying to grab his taser, then a radio. After, I was interrogated by the watch commander who stated I did nothing wrong, seen in the video. I was still taken to disciplinary isolation with no charges and was still found guilty by a sergeant somehow and released the next day to general housing.

Also starting from February 3, 2019, I had incidents where I had property damage, lost property, and the staff fail to investigate these issues.

On January 9, 2020 I walked out the cell to ask if I can get hot water, the staff told me no, I turn around walking towards my cell, throwing some plastic bottles on the ground, and one of the staff (Pampolona) decided to shove me on the wall after I complied with getting on the wall by his demand. I asked him "what are you doing?", and he said "shut up", then I was pleading with staff in the hallway about "why this happened" and "what did I do wrong?" I was returned to my cell searched without it in my presence (while in Pro Se [A. Superior Ct. Rule 8.47]).

On January 19, 2020, I was harrassed by staff (Gibbons) by being searched in the hallway in a harmful and hostile manner for no reason, excessively two times. This deputy said I disrespected him, walking by him saying "ya, ya, ya" while looking straight, minding my own business, not talking to him or nobody.

Both of these incidents, I was disciplined with the

PETITION FOR WRIT OF HABEAS CORPUS...(Jail Conditions), cont'd

hearing officer determining I was guilty on the paper before it started. Everytime I was disciplined, I never received a written statement, or an appeal within a timely manner.

On January 22, 2020, two staff members were harrassing me by sneakily pulling down my blankets that I'm sleeping by in a harmful manner, constantly waking me up, and laughing while they walk away. The petitioner has submitted grievances for these mentioned issues in the department. The petitioner did not list this ground, but raised the facts as issues raised before in the state petitions.

• Ground 4) The petitioner was deprived sanitary conditions in violation of my due process and equal protection of law to prohibition of cruel and unusual punishment.

As previously mentioned, on December 7, 2017, the petitioner was left in a cell that was flooded for over 5 hours. Upon me being forced to isolation housing, the cell I was moved into, had brown rusty water coming out the sink and was refused a shower for 3 days, also was not fed dinner the first day.

Starting from September 19, 2017, I was placed in a cell with no running water for a few days and was not given proper linen and wasn't exchanged till months later. I was never moved to a different cell and refused to lock it down and was finally moved. All the dayrooms in each module, including tiers stay filthy with trash, food, and liquids all over the ground, wall, and table, also the staff continue not to give cleaning supplies in a timely manner and leave the areas unsanitary. These conditions are causing pests, rodents, and diseases to be carried around the facility, even knowing that there was a 'TYPHUS OUTBREAK' in downtown L.A.

PETITION FOR WRIT OF HABEAS CORPUS...(Jail Conditions), cont'd

Starting around July 12, 2019, unsanitary conditions are becoming more severe with showers being clogged with puddles of water containing trash, bacteria, and various amounts of human waste floating around. The showers are regularly provided the day after next with only 5 minutes to wash up with over 20 people inside with several shower heads that don't work. Still their is ongoing issues involving not receiving disinfectant to prevent unsanitary conditions everyday causing asbestos with other bacteria to be collected. Also, staff do not avail showers as much as possible when needed for haircuts, outdoor recreation, and after court to be properly sanitized, especially when there is no hot water working in our cells.

Starting from November 26, 2019, I have complained about cold weather conditions and requested "Thermals" to be offered but was never responded to by any staff personnel.

The petitioner has submitted grievances for these mentioned issues in the department.

· Ground 5) The petitioner was deprived food rights in violation of my due process and equal protection of law to prohibition of cruel and unusual punishment.

Starting from August 23, 2017, I complained that food portions served while in disciplinary isolation, were low (size of a quarter). October 21, through November 21, 2017, staff been ignoring my requests and complaints of receiving a vegetarian and a Halal diet. I finally got the vegetarian diet on November 21, 2017, but no response for the Halal diet (should not have taken over 15 days). Finally on April 2018, I received the Halal diet. When finally getting checked to see if I qualify for the high calorie diet around November 2018, I was told I'll come back in two weeks but never was followed up. Also starting from

PETITION FOR WRIT OF HABEAS CORPUS...(Jail Conditions), cont'd

December 2017, my meals (special diet) never follow me when I get re-housed for about 2 to 3 weeks.

Starting from January 12, 2019, my special diet meals are undelivered (still), tampered with, and not packaged properly with all necessary food groups. I also asked staff for a menu because of receiving repetitive meals, two to three days to the week. Staff are negligent to religious beliefs about food management, and will not give me the menu.

On December 31, 2019, staff deprived my right to food privileges by not giving access to the vending machines but allowing trustee inmates to take possession of our vending cards to get vending items, against rules of our commissary privileges. This is an ongoing incident and causes missing items upon this misconduct the staff allow.

The petitioner has submitted grievances for these mentioned issues in the department.


• Ground 6) The petitioner was deprived religious observances in violation of my due process and equal protection of law to freedom of religion and prohibition of cruel and usual punishment.


Starting from January 13, 2020, I stopped receiving my Halal diet because I have finally gotten a high protein/calorie diet after about a year from me losing weight, not being checked up. Staff implemented that I can't have both special diets but I complained that I should have my Halal as a high protein/calorie diet, due to my religious beliefs and medical circumstances. The staff are prohibiting this resolution by no policy and procedure implemented and come up with whatever they want as they go.

Starting on August 28, 2018, staff refuse to let me go to

Page 10 of 12                    PETITION FOR WRIT OF HABEAS CORPUS...(Jail Conditions), cont'd

religious service by not notifying me or refusing to open my gate in my cell to attend. I asked one of the inmates to let them know, I was trying to attend the service and I was told that they were severely ignoring me on purpose when he responded.

On May 29, 2018, and February 7, 2020, the staff been forcing to perform body cavity searches to attend the religious service, that is very unsanitary upon attending prayer service (JUMMA) for muslims. Staff continue to use this method to harrass inmates for their religious beliefs. Also staff continued to not announce religious service when available excessively.

The petitioner has submitted grievances for these mentioned issues in the department.

• Ground  7) The petitioner was deprived access to exercise and recreation in violation of my due process and equal protection of law to prohibition of cruel and unusual punishment.

Starting from April 17, 2017, the petitioner was denied access to dayroom for a whole week while other rows were able to go, then after that week, I attempted to go to yard but the staff forced me to go back to my cell because I had two pairs of boxters on when stripping down in the hallway.

On July 21, 2018, the staff decide to open my gate halfway when leaving me and my cellees less than 1 minute to get out for yard. One of my cellees almost got smashed in the gate from this gross negligence by staff.

Starting around December 2018, I was denied dayroom access (table games; exercising equipment; accessories) for 3 weeks by a sergeant ('Del Real') prohibiting the pro-per module inmates access only, by letting the other modules have access, as discriminating factors.

Page 11 of 12          PETITION FOR WRIT OF HABEAS CORPUS...(Jail Conditions) cont'd

Also continuously, staff have ignored inmates by not asking, announcing, or refusing to open the gates for outdoor recreation.

The petitioner has submitted grievances for these mentioned issues in the department.

- Ground 8) The petitioner was deprived access to visitation in violation of my due process and equal protection of law to prohibition of cruel and unusual punishment.

On September 22, 2019, the petitioner's visitor was delayed intentionally while other inmates were getting their scheduled visits. I was pulled out at 9:30 A.M. when scheduled at 8:00 A.M. and my relative ended up leaving after 3 hours of waiting.

The petitioner has submitted a grievance for this mentioned issue in the department.

- Ground 9) The petitioner was deprived Psychotropic Medication in violation of my due process and equal protection of law to prohibition of cruel and unusual punishment.

Starting from April 6, 2017, to June 2017, I was housed in Twin Towers facility for mental health observation to get my medication. The clinician said that I was able to declassify to general population while waiting for a psychiatrist, to receive medication. While being housed in Men's Central jail for over about a month, I was forced to move to North County Correctional facility where I cannot get my medication I need. I continued to complain (grieve), that I need my medication but nothing was resolved for 6 days. Upon the 6th day, I was in the process of being re-housed for 7 hours till 3 A.M. to another

Page 12 of 12

## PETITION FOR WRIT OF HABEAS CORPUS...(Jail Conditions), cont'd

module with only a blanket for the bunk. I refused to get on my bunk, and was taken to the dayroom area, where my symptoms started acting up again. From all of this, being housed in the wrong facility, I was not able to sleep and had major anxiety with paranoia issues. I was re-housed in the Twin Towers facility (mental health observation housing) and did not receive medication till about 3 months later.

The petitioner submitted grievances for these mentioned issues in the department.

## ADDITIONAL ISSUES

All of the grounds have been presented to the highest state court except only the facts of ground 3 were raised to the state courts. This mistake was merely for inadvertent reasons but nevertheless would not have changed the outcome of the state court proceedings, considering the superior court never ruled on these issues within 60 days, the court of appeal denied the petition on these issues for no reason, and the supreme court denied the petition on these issues for not lodging grievances (even though the petitioner does not have access to make copies of the grievances) of the exhausted claims.

## VERIFICATION

I, the above named petitioner, hereby declares under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on March 10, 2021

By: BRANDON BIBBS

Clerk of Court
Central District of California
UNITED STATES DISTRICT COURT
255 East Temple St., Room 180
Los Angeles, CA 90012

Re: BIBBS v. L.A.S.D.

To whom it may concern,

The petitioner is respectfully requesting that the
court please makes a copy for the petitioner, mailed back to him, via
address on the enclosed envelope. Due to the negligence of staff, the petitioner
has not been able to receive legal supplies for over 2 months and is indigent
currently, and cannot make copies. A conformed copy of the petition would be
for the petitioner to keep in reference for the filing record on his behalf.
Thanks you for your time!

Respectfully submitted,
BRANDON BIBBS

March 10, 2018



_____
NAME

_____
PRISON IDENTIFICATION/BOOKING NO.

_____
ADDRESS OR PLACE OF CONFINEMENT

_____

Note:    It is your responsibility to notify the Clerk of Court in writing of any
change of address.  If represented by an attorney, provide his or her
name, address, telephone and facsimile numbers, and e-mail address.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

CASE NUMBER:

CV _____

To be supplied by the Clerk of the United States District Court

_____
FULL NAME (*Include name under which you were convicted* )

Petitioner,

v.

☐ _____  **AMENDED**

## PETITION FOR WRIT OF HABEAS CORPUS
## BY A PERSON IN STATE CUSTODY
### 28 U.S.C. § 2254

_____
NAME OF WARDEN, SUPERINTENDENT, JAILOR, OR AUTHORIZED
PERSON HAVING CUSTODY OF PETITIONER

Respondent.

PLACE/COUNTY OF CONVICTION _____
PREVIOUSLY FILED, RELATED CASES IN THIS DISTRICT COURT
(*List by case number* )
CV _____
CV _____

## INSTRUCTIONS - PLEASE READ CAREFULLY

1.    To use this form, you must be a person who either is currently serving a sentence under a judgment against you in a California state court, or will be serving a sentence in the future under a judgment against you in a California state court.  You are asking for relief from the conviction and/or the sentence.  This form is your petition for relief.

2.    In this petition, you may challenge the judgment entered by only one California state court.  If you want to challenge judgments entered by more than one California state court, you must file a separate petition for each court.

3.    Make sure the form is typed or neatly handwritten.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4.    Answer all the questions.  You do not need to cite case law, but you do need to state the federal legal theory and operative facts in support of each ground.  You may submit additional pages if necessary.  If you do not fill out the form properly, you will be asked to submit additional or correct information.  If you want to submit a legal brief or arguments, you may attach a separate memorandum.

5.    You must include in this petition *all* the grounds for relief from the conviction and/or sentence that you challenge.  You must also state the facts that support each ground.  If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

6.    You must pay a fee of $5.00.  If the fee is paid, your petition will be filed.  If you cannot afford the fee, you may ask to proceed *in forma pauperis* (as a poor person).  To do that, you must fill out and sign the declaration of the last two pages of the form.  Also, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account at the institution.  If your prison account exceeds $25.00, you must pay the filing fee.

7.    When you have completed the form, send the original and two copies to the following address:

> Clerk of the United States District Court for the Central District of California
> United States Courthouse
> ATTN: Intake/Docket Section
> 255 East Temple Street, Suite TS-134
> Los Angeles, California 90012

PLEASE COMPLETE THE FOLLOWING (*check appropriate number*):

This petition concerns:
1.  ☐ a conviction and/or sentence.
2.  ☐ prison discipline.
3.  ☐ a parole problem.
4.  ☐ other.

## PETITION

1.  Venue

    a.  Place of detention _____

    b.  Place of conviction and sentence _____

2.  Conviction on which the petition is based *(a separate petition must be filed for each conviction being attacked)*.

    a.  Nature of offenses involved *(include all counts)* : _____

    _____

    _____

    b.  Penal or other code section or sections: _____

    _____

    _____

    c.  Case number: _____

    d.  Date of conviction: _____

    e.  Date of sentence: _____

    f.  Length of sentence on each count: _____

    _____

    g.  Plea *(check one)* :

        ☐ Not guilty

        ☐ Guilty

        ☐ Nolo contendere

    h.  Kind of trial *(check one)* :

        ☐ Jury

        ☐ Judge only

3.  Did you appeal to the California Court of Appeal from the judgment of conviction?   ☐ Yes   ☐ No

    If so, give the following information for your appeal *(and attach a copy of the Court of Appeal decision if available)*:

    a.  Case number: _____

    b.  Grounds raised *(list each)*:

        (1) _____

        (2) _____

(3) _____

(4) _____

(5) _____

(6) _____

c.   Date of decision: _____

d.   Result _____

_____

4.   If you did appeal, did you also file a Petition for Review with the California Supreme Court of the Court of Appeal

decision?   ☐ Yes   ☐ No

If so, give the following information *(and attach copies of the Petition for Review and the Supreme Court ruling if available)*:

a.   Case number: _____

b.   Grounds raised *(list each)*:

(1) _____

(2) _____

(3) _____

(4) _____

(5) _____

(6) _____

c.   Date of decision: _____

d.   Result _____

_____

5.   If you did not appeal:

a.   State your reasons _____

_____

_____

_____

b.   Did you seek permission to file a late appeal?   ☐ Yes   ☐ No

6.   Have you previously filed any habeas petitions in any state court with respect to this judgment of conviction?

☐ Yes   ☐ No

If so, give the following information for each such petition *(use additional pages, if necessary, and attach copies of the petitions and the rulings on the petitions if available)*:

a.   (1) Name of court: _____

(2) Case number: _____

(3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _____

(4) Grounds raised *(list each)*:

(a) _____

(b) _____

(c) _____

(d) _____

(e) _____

(f) _____

(5) Date of decision: _____

(6) Result _____

_____

(7) Was an evidentiary hearing held?        ☐ Yes   ☐ No

b.   (1) Name of court: _____

(2) Case number: _____

(3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _____

(4) Grounds raised *(list each)*:

(a) _____

(b) _____

(c) _____

(d) _____

(e) _____

(f) _____

(5) Date of decision: _____

(6) Result _____

_____

(7) Was an evidentiary hearing held?        ☐ Yes   ☐ No

c.   (1) Name of court: _____

(2) Case number: _____

(3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _____

(4) Grounds raised *(list each)*:

(a) _____

(b) _____

(c) _____

(d) _____

(e) _____

(f) _____

(5) Date of decision: _____

(6) Result _____

_____

(7) Was an evidentiary hearing held?       ☐ Yes ☐ No

7.  Did you file a petition for certiorari in the United States Supreme Court?       ☐ Yes       ☐ No

   If yes, answer the following:

   (1) Docket or case number (if you know): _____

   (2) Result: _____

   _____

   (3) Date of result (if you know): _____

   (4) Citation to the case (if you know): _____

8.  For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than five grounds.  Summarize briefly the <u>facts</u> supporting each ground.  For example, if you are claiming ineffective assistance of counsel, you must state facts specifically setting forth what your attorney did or failed to do.

   **CAUTION**:    *Exhaustion Requirement*:  In order to proceed in federal court, you must ordinarily first exhaust your state court remedies with respect to each ground on which you are requesting relief from the federal court.  This means that, prior to seeking relief from the federal court, you first must present <u>all</u> of your grounds to the California Supreme Court.

   a.  Ground one: _____

   _____

   (1) Supporting FACTS: _____

   _____

   _____

   _____

   (2) Did you raise this claim on direct appeal to the California Court of Appeal?       ☐ Yes       ☐ No

   (3) Did you raise this claim in a Petition for Review to the California Supreme Court?       ☐ Yes       ☐ No

   (4) Did you raise this claim in a habeas petition to the California Supreme Court?       ☐ Yes       ☐ No

   b.  Ground two: _____

   _____

   (1) Supporting FACTS: _____

   _____

_____

_____

_____

(2) Did you raise this claim on direct appeal to the California Court of Appeal? ☐ Yes ☐ No

(3) Did you raise this claim in a Petition for Review to the California Supreme Court? ☐ Yes ☐ No

(4) Did you raise this claim in a habeas petition to the California Supreme Court? ☐ Yes ☐ No

c.  Ground three: _____

_____

(1) Supporting FACTS: _____

_____

_____

_____

(2) Did you raise this claim on direct appeal to the California Court of Appeal? ☐ Yes ☐ No

(3) Did you raise this claim in a Petition for Review to the California Supreme Court? ☐ Yes ☐ No

(4) Did you raise this claim in a habeas petition to the California Supreme Court? ☐ Yes ☐ No

d.  Ground four: _____

_____

(1) Supporting FACTS: _____

_____

_____

_____

(2) Did you raise this claim on direct appeal to the California Court of Appeal? ☐ Yes ☐ No

(3) Did you raise this claim in a Petition for Review to the California Supreme Court? ☐ Yes ☐ No

(4) Did you raise this claim in a habeas petition to the California Supreme Court? ☐ Yes ☐ No

e.  Ground five: _____

_____

(1) Supporting FACTS: _____

_____

_____

_____

(2) Did you raise this claim on direct appeal to the California Court of Appeal? ☐ Yes ☐ No

(3) Did you raise this claim in a Petition for Review to the California Supreme Court?   ☐ Yes   ☐ No

(4) Did you raise this claim in a habeas petition to the California Supreme Court?   ☐ Yes   ☐ No

9.  If any of the grounds listed in paragraph 8 were not previously presented to the California Supreme Court, state briefly which grounds were not presented, and give your reasons: _____

_____

_____

10.  Have you previously filed any habeas petitions in any federal court with respect to this judgment of conviction?

☐ Yes   ☐ No

If so, give the following information for each such petition *(use additional pages, if necessary, and attach copies of the petitions and the rulings on the petitions if available)*:

a.   (1) Name of court: _____

(2) Case number: _____

(3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _____

(4) Grounds raised *(list each)*:

(a) _____

(b) _____

(c) _____

(d) _____

(e) _____

(f) _____

(5) Date of decision: _____

(6) Result _____

_____

(7) Was an evidentiary hearing held?   ☐ Yes ☐ No

b.   (1) Name of court: _____

(2) Case number: _____

(3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _____

(4) Grounds raised *(list each)*:

(a) _____

(b) _____

(c) _____

(d) _____

(e) _____

(f) _____

(5) Date of decision: _____

(6) Result _____

_____

(7) Was an evidentiary hearing held?      ☐ Yes ☐ No

11. Do you have any petitions now pending (i.e., filed but not yet decided) in any state or federal court with respect to

this judgment of conviction?      ☐ Yes ☐ No

If so, give the following information *(and attach a copy of the petition if available)*:

(1) Name of court: _____

(2) Case number: _____

(3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _____

(4) Grounds raised *(list each)*:

(a) _____

(b) _____

(c) _____

(d) _____

(e) _____

(f) _____

12. Are you presently represented by counsel?      ☐ Yes ☐ No

If so, provide name, address and telephone number: _____

_____

_____

WHEREFORE, petitioner prays that the Court grant petitioner all relief to which he may be entitled in this proceeding.

_____
*Signature of Attorney (if any)*

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on _____      _____
               *Date*                                              *Signature of Petitioner*

_____
*Petitioner*

_____
*Respondent(s)*

**ELECTION REGARDING
CONSENT TO PROCEED BEFORE
A UNITED STATES MAGISTRATE JUDGE**

- A magistrate judge is available under 28 U.S.C. § 636(c) to conduct all proceedings in this case, including dispositive matters and entry of final judgment.  However, a magistrate judge may be assigned to rule on dispositive matters only if all parties voluntarily consent.

- Parties are free to withhold consent to magistrate judge jurisdiction without adverse substantive consequences.

- If both parties consent to have a magistrate judge decide the case, any appeal would be made directly to the Ninth Circuit Court of Appeals, as if a district judge had decided the matter.

- Unless both parties consent to have a magistrate judge decide the case, the assigned magistrate judge will continue to decide only non-dispositive matters, and will issue a Report and Recommendation to the district judge as to all dispositive matters.

*Please check the "yes" or "no" box regarding your decision to consent to a United States Magistrate Judge and sign below.*

☐ Yes, I voluntarily consent to have a United States Magistrate Judge conduct all further proceedings in this case, decide all dispositive and non-dispositive matters, and order the entry of final judgment.

☐ No, I do not consent to have a United States Magistrate Judge conduct all further proceedings in this case.

Executed on _____          _____
                            *Date*                                        *Signature of Petitioner/Counsel for Petitioner*

_____
_____ *Petitioner*

_____
_____ *Respondent(s)*

**DECLARATION IN SUPPORT
OF REQUEST
TO PROCEED
*IN FORMA PAUPERIS***

I, _____ , declare that I am the petitioner in the above entitled case; that in support of my motion to proceed without being required to prepay fees, costs or give security therefor, I state that because of my poverty I am unable to pay the costs of said proceeding or to give security therefor; that I believe I am entitled to relief.

1.   Are you presently employed?   ☐ Yes   ☐ No

    a.   If the answer is yes, state the amount of your salary or wages per month, and give the name and address of your employer. _____

_____

    b.   If the answer is no, state the date of last employment and the amount of the salary and wages per month which you received. _____

2.   Have you received, within the past twelve months, any money from any of the following sources?

    a.   Business, profession or form of self-employment?   ☐ Yes   ☐ No

    b.   Rent payments, interest or dividends?   ☐ Yes   ☐ No

    c.   Pensions, annuities or life insurance payments?   ☐ Yes   ☐ No

    d.   Gifts or inheritances?   ☐ Yes   ☐ No

    e.   Any other sources?   ☐ Yes   ☐ No

If the answer to any of the above is yes, describe each source of money and state the amount received from each during the past twelve months: _____

_____

3.   Do you own any cash, or do you have money in a checking or savings account?   *(Include any funds in prison accounts)*
☐ Yes   ☐ No

If the answer is yes, state the total value of the items owned: _____

_____

4.  Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property?  *(Excluding ordinary household furnishings and clothing)*  ☐Yes   ☐No

If the answer is yes, describe the property and state its approximate value: _____

_____

5.  List the persons who are dependent upon you for support, state your relationship to those persons, and indicate how much you contribute toward their support: _____

_____

_____

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on _____        _____

_____ *Date* _____                    *Signature of Petitioner*

## CERTIFICATE

I hereby certify that the Petitioner herein has the sum of $ _____ on account to his credit

at the _____ institution where he is

confined. I further certify that Petitioner likewise has the following securities to his credit according to the records of said

institution: _____

_____

_____

_____                    _____

_____ *Date* _____                    *Authorized Officer of Institution/Title of Officer*